Matthew D. Murphey, Esq. (SBN 194111)
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2756
Facsimile: (949) 622-2739
E-mail: matt.murphey@troutmansanders.com

Attorneys for Defendant
THE ACTIVE NETWORK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNET PATENTS CORPORATION, f/k/a INSWEB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE ACTIVE NETWORK, INC.,<br><br>Defendant. | Case No.: 12-CV-05035-JSW<br><br>HONORABLE JEFFREY S. WHITE<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANT THE ACTIVE NETWORK, INC.** |
| THE ACTIVE NETWORK, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>INTERNET PATENTS CORPORATION, f/k/a INSWEB CORPORATION,<br><br>CounterDefendant. | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant THE ACTIVE NETWORK, INC. ("Defendant") responds to the Complaint of Plaintiff INTERNET PATENTS CORPORATION f/k/a/ INSWEB CORPORATION ("Plaintiff") and counterclaims against Plaintiff as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 of the Complaint and therefore denies same.

2. In response to Paragraph 2 of the Complaint, Defendant admits that it is a Delaware corporation and has its principal place of business is in San Diego, California. Defendant further admits that its appointed agent for service is National Registered Agents, Inc., 160 Greentree Dr., Dover, Delaware 19904. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over actions arising under the patents laws of the United States, 35 U.S.C. §§ 271, *et seq.*, by virtue of 28 U.S.C.§§ 1331 and 1338(a). Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 3, and it further denies that Plaintiff has a viable claim for relief for patent infringement.

4. In response to Paragraph 4 of the Complaint, Defendant admits that venue is proper in this Judicial District, and that the Court has personal jurisdiction over Defendant with respect to the above-captioned matter. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 4, and it further denies that Plaintiff has a viable claim for relief for patent infringement or that Defendant has any liability on account of any alleged conduct in this Jurisdiction or elsewhere.

## BACKGROUND

5. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 5 of the Complaint and therefore denies same.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint and therefore denies same.

7. In response to Paragraph 7 of the Complaint, Defendant admits that what purports to be a true and correct copy of the patent-in-suit is attached to the Complaint. Defendant is

without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 7 of the Complaint and therefore denies same.

8. In response to Paragraph 8 of the Complaint, Defendant admits that it owns and operates a website at www.activenetwork.com and is engaged in the business of marketing and providing integrated technology platforms, marketing services and online media properties that encourage and enable participation in activities and events with an emphasis on sports activities and events. Unless specifically admitted, Defendant denies the remaining allegations in Paragraph 8.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

**COUNT I**

**(ACTIVE NETWORK'S INFRINGEMENT OF U.S. PATENT NO. 7,707,505)**

10. No admission or denial is required for Paragraph 10 of the Complaint; however, to the extent any response is necessary, Defendant hereby incorporates by reference its responses set forth in paragraphs 1-9 above. Otherwise, and unless specifically admitted, Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

**PRAYER FOR RELIEF**

14. Defendant admits that Plaintiff seeks the relief set forth in its Prayer, but it denies that any such relief is proper or that Plaintiff is entitled to any such relief.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

**First Affirmative Defense: Noninfringement**

15. Defendant does not infringe and has not infringed any valid and enforceable claim of the '505 patent, whether directly or indirectly, literally, or under the doctrine of equivalents, willfully or otherwise.

**Second Affirmative Defense: Invalidity**

16. One or more claims of the '505 patent are invalid for failure to comply with one or more requirements for patentability under Title 35 of the United States Code, including (but not limited to) §§ 101, 102, 103, and/or 112.

**Third Affirmative Defense: Failure to State a Claim**

17. The Complaint fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense: Waiver and Estoppel**

18. Plaintiff has waived its claims or those claims are barred or limited by estoppel, including (but not limited to) prosecution history estoppel arising from the patentee's actions, representations, or conduct before the USPTO during prosecution of the '505 patent.

**Fifth Affirmative Defense: Laches**

19. Plaintiff's claims are barred under the equitable doctrine of laches.

**Sixth Affirmative Defense: Unclean Hands**

20. Plaintiff's claims are barred due to unclean hands. Among other things, Plaintiff is asserting patents that it has reason to know are not valid and not infringed, and for which it has reason to know that it is entitled to no damages even if the patents are valid and infringed.

**Seventh Affirmative Defense: Limitation on Damages**

21. Plaintiff's claim for damages is barred, in whole or in part, under 35 U.S.C. §§ 286 and/or 287.

**Eighth Affirmative Defense: No Equitable Relief**

22. Plaintiff has an adequate remedy at law and no basis exists for the request for or grant of injunctive relief.

**Ninth Affirmative Defense: Standing**

23. Defendant is informed and believes, and thereupon alleges, that Plaintiff lacks standing to assert the claims for relief set forth in the Complaint or to obtain the remedies that it seeks in the Complaint.

/ /

/ /

**Tenth Affirmative Defense: Failure to Minimize Alleged Damages**

24. Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize alleged damages. Plaintiff may not recover for losses which could have been prevented by reasonable efforts on its own part, or by expenditures that might reasonably have been made, and any recovery should be reduced by an amount reflecting its failure to mitigate its alleged damages.

**Eleventh Affirmative Defense: Defendant Not Entitled to Exemplary Damages**

25. Plaintiff's claim for relief does not state facts sufficient to enable Plaintiff to recover exemplary, punitive or enhanced damages.

**Twelfth Affirmative Defense: Defendant Acted with Innocent Intent and in Good Faith**

26. At all times relevant, Defendant acted reasonably, and all of its actions were taken innocently, in good faith, and without fraud or bad intent.

**Thirteenth Affirmative Defense: Failure to Notify**

27. Plaintiff's claims of infringement are barred in whole or in part by its failure to give adequate and proper notice to Defendant of the '505 patent and/or any alleged infringement of such patent.

**Fourteenth Affirmative Defense: No Damages**

28. Plaintiff has not suffered an injury or damage as a result of Defendant's conduct as alleged in the Complaint.

**Fifteenth Affirmative Defense: Failure to Notify**

29. Plaintiff's claims of infringement of the '505 patent are barred in whole or in part by Plaintiff's failure to give adequate and proper notice to Defendant of either the patent-in-suit and/or any alleged infringement of that patent.

**Sixteenth Affirmative Defense: Patent Misuse**

30. Plaintiff knows or should know that its asserted claims of infringement of the '505 patent are meritless and beyond the scope of the patented claims, which constitutes patent misuse.

/ /

/ /

**Seventeenth Affirmative Defense: Inequitable Conduct**

31. On information and belief, the '505 patent is unenforceable due to the patentee's inequitable conduct during prosecution of that patent.

**Eighteenth Affirmative Defense: Prosecution History Disclaimer**

32. On information and belief, Plaintiff's infringement claims are barred, in whole or in part, by the doctrine of prosecution history disclaimer.

**Reservation of Affirmative Defenses**

33. There may be additional affirmative defenses to Plaintiff's claims that currently are unknown to Defendant. Accordingly, Defendant reserves the right to amend its Answer and assert additional defenses in the event that investigation and/or discovery reveal that additional defenses are available and appropriate.

**DEFENDANT'S COUNTERCLAIMS**

Defendant hereby asserts the following Counterclaims against Plaintiff:

**PARTIES, JURISDICTION, AND VENUE**

34. Defendant and Counterclaimant THE ACTIVE NETWORK, INC. is a corporation organized under the laws of the State of Delaware with its principal place of business in San Diego, California.

35. According to the Complaint that it filed in this action, Plaintiff and CounterDefendant INTERNET PATENTS CORPORATION, f/k/a/ INSWEB CORPORATION is a Delaware corporation having its principal place of business at 10850 Gold Center Dr., Suite 250B, Rancho Cordova, California 95670.

36. This Court has subject matter jurisdiction over the claims for relief in this Counterclaim arising under federal law pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, & 2202.

37. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) & 1391(c) because Plaintiff has substantial contacts within California, including its participation in the acts and events occurring in this Judicial District described herein. Venue is further proper in this Judicial District by Plaintiff's choice of forum, and Plaintiff has consented to the personal jurisdiction of this Court.

## BACKGROUND

38. In its Complaint, Plaintiff alleges that it is the exclusive owner of the '505 patent.

39. Plaintiff's Complaint in this matter alleges that Defendant is infringing and has infringed one or more claims of the '505 patent.

40. Defendant denies that it infringes or has infringed any valid and enforceable claim of the '505 patent. Defendant further asserts that the claims of the '505 patent are invalid and/or unenforceable.

41. Based on the foregoing, there is an actual, immediate, and justiciable controversy between Plaintiff and Defendant regarding the validity, enforceability, and alleged infringement of the '505 patent.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '505 Patent)**

42. The allegations of Paragraphs 1-41, above, are repeated and re-alleged as if fully set forth herein.

43. Defendant does not infringe, and it has not infringed, any valid and enforceable claim of the '505 patent, whether directly or indirectly, literally, or under the doctrine of equivalents.

44. A judicial declaration is necessary and appropriate at this time so that Defendant may ascertain its rights and duties with respect to the '505 patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '505 Patent)**

45. The allegations of Paragraphs 1-44, above, are repeated and re-alleged as if fully set forth herein.

46. One or more claims of the '505 patent are invalid for failure to comply with one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

47. A judicial declaration is necessary and appropriate at this time so that Defendant may ascertain its rights and duties with respect to the '505 patent.

## DEMAND FOR JUDGMENT

WHEREFORE, Defendant The Active Network, Inc. demands judgment in its favor, including the following:

A. That judgment be entered in favor of Defendant and against Plaintiff on Plaintiff's claims, that Plaintiff take nothing by way of its claims, and that Plaintiff's claims against Defendant be dismissed in their entirety and with prejudice;

B. A declaration that Defendant does not infringe and has not infringed any valid and enforceable claim of the '505 patent, whether directly or indirectly, literally, or under the doctrine of equivalents;

C. A declaration that the claims of the '505 patent are invalid;

D. An order finding this an exceptional case under 35 U.S.C. § 285, and awarding Defendant its costs and fees in this action, including its reasonable attorneys' fees, and pre- and post-judgment interest thereon; and

E. An order awarding Defendant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38, Defendant demands a trial by jury on all matters so triable.

Respectfully submitted,

Dated: January 18, 2013

**TROUTMAN SANDERS, LLP**

By: s/ Matthew D. Murphey
Matthew D. Murphey
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 622-2756
Facsimile: (949) 622-2739
matt.murphey@troutmansanders.com

**Attorneys for Defendant**
**THE ACTIVE NETWORK, INC.**